In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1338

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TITORIAN O. WEBB,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, Fort Wayne Division.
No. 1:07-CR-56-TS—**Theresa L. Springmann**, *Judge*.

ARGUED OCTOBER 15, 2008—DECIDED NOVEMBER 20, 2008

Before EASTERBROOK, *Chief Judge*, and COFFEY and
WOOD, *Circuit Judges*.

EASTERBROOK, *Chief Judge*.    When the police arrived
with a warrant to search Kelle Hartman's house for drugs,
they found Titorian Webb in the driveway, dressed in
workout togs. The police found exercise gear in Hartman's
basement, along with illegal drugs in plain view. Equip-
ment for packaging drugs was scattered throughout the
house. After these discoveries, Webb was arrested and
charged with drug offenses. Hartman pleaded guilty and

testified against Webb, who was convicted by a jury of possessing cocaine, marijuana, and ecstasy with intent to distribute them. He was sentenced to 120 months' imprisonment.

After Webb's lawyer said in an opening statement that Webb had nothing to do with Hartman's distribution of drugs, and was at her house only by chance when the police arrived, the prosecutor introduced Webb's 1996 conviction for distributing cocaine. The district judge overruled an objection under Fed. R. Evid. 404(b), stating that the conviction would show Webb's intent and the absence of mistake, two uses permissible under that Rule. The judge told the jury that the evidence had been admitted for specific purposes. Webb does not contest the terms of the limiting instruction but does argue that the conviction should not have been admitted for any purpose.

It is hard to see how the 1996 conviction shows either intent or absence of mistake. The crime of which Webb was convicted—possession of drugs with intent to distribute them—has an intent element, to be sure, but Webb did not argue that he possessed the drugs for personal use rather than for distribution. He contended that he did not possess the drugs for *any* purpose. Webb's conviction would have been useful only to the extent that it showed that he had control over the drugs (which is to say, that he possessed them)—but the prosecutor has not argued that it tends to show Webb's knowledge of the house's contents, let alone dominion over those contents. As for "absence of mistake": how does a conviction show

this *except* via the prohibited inference that someone who distributes drugs once is likely to do it again? The prosecutor's position, in short, seems to be that a drug conviction always may be used in another drug prosecution, even if the crimes have nothing else in common. That position was rejected in *United States v. Beasley*, 809 F.2d 1273 (7th Cir. 1987). See also, e.g., *United States v. Simpson*, 479 F.3d 492 (7th Cir. 2007).

Webb did not, however, contend that the evidence is irrelevant. His arguments, both in the district court and this appeal, have been limited to Rule 404(b) itself—and all that Rule does is specify one prohibited use (the propensity inference) while disclaiming any effect on other uses, such as proving knowledge or intent. Whether particular evidence is relevant on those subjects is a question outside the scope of Rule 404(b). See *United States v. Jones*, 455 F.3d 800, 810–12 (7th Cir. 2006) (concurring opinion). To concentrate on Rule 404(b), when the real questions are relevance (Rule 402) and whether the evidence has a potential for prejudice disproportionate to its valid use (Rule 403), is to misdirect attention.

It is easy to find cases holding that a district judge does not err in admitting prior convictions to show intent or absence of mistake in drug prosecutions. One good example is *United States v. Hurn*, 496 F.3d 784, 787 (7th Cir. 2007), which held that the district court did not abuse its discretion in admitting a conviction under circumstances very much like those of Webb's prosecution. *Hurn* collects other decisions to the same effect. See, e.g., *United States v. Chavis*, 429 F.3d 662, 668 (7th Cir. 2005).

Although several of these opinions say that a prior conviction shows intent or absence of mistake, none explains why—perhaps because in those appeals, as in this one, the parties assumed that the evidence was relevant and so did not present the question in an adversarial manner for decision on appeal.

Given *Hurn* and its predecessors, it cannot be plain error to admit the conviction in the absence of a relevance objection. And we need not tackle the tension between *Beasley* and *Simpson*, on the one hand, and *Hurn* and *Chavis*, on the other, because even the lighter harmless-error standard would require us to affirm Webb's conviction.

Both Hartman and her housekeeper testified that Webb lived in the house. The housekeeper added that the basement was locked, that she could enter only if Hartman or Webb let her in to clean, and that she regularly saw Webb handle cocaine and marijuana. A glazier testified that Webb was present on both days when he installed mirrors in the house's basement. The glazier, like the housekeeper, testified that Webb unlocked the basement door to admit him.

Webb had a key to the house when he was arrested; he was also carrying $3,000 in stacks separated by rubber bands. His car contained plastic bags of the kind often used for packaging drugs, plus a large number of air fresheners—far too many for one car, which implies that they were used to mask the smell of marijuana. A home gym had been set up in the basement, where most of the drugs and packaging materials were found. Anyone who

wanted to use the weights would have had to move some of the cocaine and marijuana to get at them; marijuana seeds and stems were found on a treadmill. Webb conceded in an interview with a DEA agent that he and Hartman were lovers. Although he denied living in Hartman's house, the concession (plus the key and his penchant for exercise) severely undermined Webb's assertion that he did not possess any drugs.

Given this evidence—and there was more—the fact that Webb had a drug conviction on his record could not have affected the jury's verdict. The harmless-error rule means that district judges, rather than courts of appeals, are the principal enforcers of limits on other-crime evidence. We trust that district judges will review evidence of this kind carefully to ensure that it really is relevant, and serves a legitimate goal rather than leading to the forbidden propensity inference.

The judgment is affirmed.